# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br>         Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530, <br><br>         Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and has its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government, politics, and the law. As part of its educational

mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results of its analysis, as well as the records themselves, to the public.

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 25, 2014, Plaintiff submitted a FOIA request to Defendant by certified mail, seeking access to:

> All Justice Department records from the Interactive Case Management System detailing the number of hours DOJ Attorney Barbara Bosserman expended on the investigation of the Internal Revenue Service targeting conservative organizations seeking tax-exempt status in the 2010 and 2012 elections cycles.

6. According to United States Postal Service records, Plaintiff's FOIA request was received by Defendant on March 5, 2014.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Because Plaintiff sent its request to the component of the Defendant designated to receive FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(A), this twenty (20) working day time period did not commence until ten (10) working days after the Defendant's receipt of the request on March 5, 2014. Accordingly, the Defendant's determination was due by April 17, 2014 at the latest.

8. As of the date of this Complaint, the Defendant has failed to: (i) determine

whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because the Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 17, 2014                                          Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
DC Bar No. 995749
Judicial Watch, Inc.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*